Note—OA. opinion will be found in 3 Abs. 493.

---

### No. 939
### STALEY v. PUB. UTIL. COMM.
No. 19334.    Supreme Court

Error to Pub. Util. Comm. Dock. Aug. 24, 1925; 3 Abs. 546.

**1277. WORDS & PHRASES**—Should "after passage" in an act which restricts granting of certificate of public convenience and necessity by Public Utilities Commission upon affidavits after its passage, be construed to mean after approval by Governor?

This cause comes into the Supreme Court upon a petition in error from an order of the Public Utilities Commission denying Henry Staley a certificate of public convenience and necessity to operate a motor transportation company between Norwood and Montgomery Ohio. At the same hearing a certificate was awarded Edward Carley to operate over the identical route.

On May 25, 1925, Staley filed an affidavit with the Commission asking for a certificate under 614-87 GC. On July 13, 1925, the commission dismissed Staley's application and ordered that because Staley's affidavits were filed after the passage of House Bill No. 90 which provided that no certificate should be granted upon an affidavit unless same shall have been filed prior to passage of said act, and a certificate of public convenience and necessity was refused.

Substitute House Bill 90 (614-87 GC.) provided: "But no certificate shall be granted upon any such affidavit unless the same shall have been filed prior to the passage of this act." The act was passed by the General Assembly April 17, 1925; permitted to become a law by the Governor May 2, 1925 and was filed in the Secretary's office May 5, 1925. The Commission held the words "after the passage" meant May 2, 1925 or May 5, 1925.

It is contended that "after the passage" should be construed to mean August 4, 1925 to come within the inhibition against passage of retroactive laws.

"Laws providing for tax levies, appropriations for current expenses of state government and state institutions and emergency laws as defined in Sec. 1 d of Article 2 of the Constitution, go into immediate effect when approved by the Governor. All other acts go into effect 90 days after same have been filed with the secretary of state, regardless of the date of approval by the Governor." State v. Lathrop, 93 OS. 79.

It is therefore contended that the Commission until Aug. 4, 1925 could take no more notice of it than they could of a bill pending before the Legislature. "A statute passed to take effect at a future day is to be understood as speaking from the time of its operation, and not from the time of its passage. The intervening period is allowed to enable the public

to become acquainted with its provisions; but until then it becomes operative as a law, they are not compelled to govern their actions by it."

If "passage of the act" means May 2, 1925, then the law operates retroactively. Statutes are to be considered as only prospective in their operation unless they are expressly made retroactive, or unless it is necessary to construe them as retroactive in order to give effect to their provisions. If the words "after passage" are construed to mean May 2, 1925, the section is void as a retroactive measure and contrary to Article II, Section 28.

Attorneys—Robert N. Gorman, Cincinnati, for Staley; C. C. Crabbe and J. W. Bricker, Columbus, for Commission.